**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **FREDERICK MARSHALL;** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL CASE NO.   1:18-cv-00522** |
| | § | |
| | § | |
| **TYRONE LINDSEY; AND** | § | |
| **QUICKSILVER TRANSPORT, LLC;** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW PLAINTIFF FREDERICK MARSHALL and complains of

Defendants Tyrone Lindsey and Quicksilver Transport, LLC and for cause of

action shows the following:

## PARTIES

1.    Plaintiff Frederick Marshall is an individual resident of Dallas, Dallas

County, Texas.

2.    Defendant Tyrone Lindsey is an individual resident of Blakely, Early

County, Georgia and may be served with process at 74 Hogan Avenue, Blakely,

Georgia 39823.

3.    Defendant Quicksilver Transport, LLC is a corporation doing

business in Nashville, Davidson County, Tennessee and may be served with

process by serving its registered agent Adam Brock at 7105 Peach Court #105, Brentwood, Tennessee 37027.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper pursuant to 28 U.S.C. §1332 because there is complete diversity between the parties.

5.      Plaintiff's damages are in excess of the minimum jurisdictional limits of the court.

6.      Venue of this case is proper in the Austin Division of the Western District of Texas because the incident made the basis of this suit occurred in Williamson County, Texas, located within the boundaries of the Austin Division of the Western District of Texas.

## FACTUAL BACKGROUND

7.      This lawsuit arises out of a motor vehicle collision that occurred on Monday, January 22, 2018 on Interstate 35 within the city limits of Round Rock, Williamson County, Texas.  Plaintiff Frederick Marshall was traveling southbound on Interstate 35 and was slowing down for traffic ahead.  Defendant Tyrone Lindsey, while in the course and scope of his employment with, and operating under the Federal Motor Carrier authority of Quicksilver Transport, LLC, was operating his 18-wheeler behind Plaintiff's vehicle in the same lane and headed in the same direction.  Defendant Tyrone Lindsey failed to slow and/or stop, colliding hard with the back of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION

**NEGLIGENCE – DEFENDANT TYRONE LINDSEY**

8.      At the time of the motor vehicle collision, Defendant Tyrone Lindsey, while in the course and scope of his employment with, and operating under the Federal Motor Carrier authority of Quicksilver Transport, LLC, was operating his 18-wheeler negligently.  Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

      a.    Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

      b.    Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

      c.    Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

      d.    Defendant failed to control his speed; and

      e.    Defendant failed to safely operate his tractor-trailer.

**NEGLIGENT ENTRUSTMENT – DEFENDANT QUICKSILVER TRANSPORT, LLC**

9.      As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Quicksilver Transport, LLC was the owner of the vehicle driven by Defendant Tyrone Lindsey.  Defendant Quicksilver Transport, LLC entrusted the vehicle to Defendant Tyrone Lindsey. Defendant Tyrone Lindsey was incompetent and/or reckless and Defendant Quicksilver Transport, LLC knew or should have known that Defendant Tyrone

Lindsey was incompetent and/or reckless.  Defendant Tyrone Lindsey's negligence on the occasion in question proximately caused the collision.

**RESPONDEAT SUPERIOR – DEFENDANT QUICKSILVER TRANSPORT, LLC**

10.    Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Tyrone Lindsey was in the course and scope of his employment with Defendant Quicksilver Transport, LLC thereby making Defendant Quicksilver Transport, LLC liable under the doctrine of *Respondeat Superior*.

**NEGLIGENCE – DEFENDANT QUICKSILVER TRANSPORT, LLC**

11.    Defendant Quicksilver Transport, LLC failed to properly train and/or supervise Defendant Tyrone Lindsey in order to prevent collisions such as the one in question.

12.    Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

**DAMAGES**

13.    As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

 a.    Medical expenses in the past and future;

 b.    Physical impairment in the past and future;

 c.    Physical pain and suffering in the past and future; and

 d.    Mental anguish in the past and future.

## JURY TRIAL

14.     Plaintiff demands a trial by jury and includes the appropriate jury

fees.

## RELIEF

15.     WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that

Defendants be cited to appear and answer herein, and that upon final hearing

thereof, Plaintiff recover judgment against Defendants for:

a.     Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

b.     Plaintiff's future medical expenses;

c.     Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

d.     Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

e.     Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

f.     Interest on the judgment at the legal rate from the date of judgment;

g.     Pre-judgment interest on Plaintiff's damages as allowed by law;

h.     All costs of court; and

i.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**EBERSTEIN & WITHERITE, LLP**


BY: /s/ *Shelly Greco*
   **SHELLY GRECO**
   State Bar No. 24008168
   shelly.greco@ewlawyers.com
   **AMY K. WITHERITE**
   State Bar No. 00788698
   amy.witherite@ewlawyers.com
   10440 N. Central Expressway
   Suite 400
   Dallas, TX 75231-2228
   214/378-6665
   214/378-6670 (fax)

   **ATTORNEYS FOR PLAINTIFF**